UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JULIE LANCASTER, et al., )
)
    Plaintiffs, )
)
v. ) 1:17-cv-00173-JAW
)
RUST ENGINEERING & )
CONSTRUCTION, INC., et al., )
)
    Defendants )

## ORDER ON MOTION TO QUASH

The parties seek to depose Sappi North America, Inc. (Sappi). Sappi asks the Court to quash the notices by which the deposition has been scheduled. (Motion, ECF No. 35.)[1] Following a review of the record, and after consideration of the parties' arguments, the Court denies the motion to quash subpoenas.

### FACTUAL BACKGROUND

Plaintiff Julie Lancaster was injured in 2011 while working at a paper mill located in Skowhegan, Maine owned by the S.D. Warren Company. Ms. Lancaster's injury occurred as the result of her contact with a Salvage Winder machine, which had been installed at the mill by Defendant Rust Engineering in the early 1980's. Sappi is the successor to the S.D. Warren Company, which was purchased by Sappi in 1995.

Through the deposition, the parties seek to obtain information about the Winder machine and the incident in which Ms. Lancaster was injured. Before the parties noticed

---

[1] Although the parties did not formally serve a subpoena upon Sappi, Sappi does not object to the deposition on that basis. (Motion at 1 n. 1.)

Sappi's deposition, Sappi produced documents in response to a subpoena. Sappi maintains that it has provided all the information it has regarding the Winder machine and the incident. The parties contend they should be able to question Sappi about some of the information in the produced documents and to establish a competent record of the information that has been produced.

## DISCUSSION

A party upon whom discovery is served may move for a protective order under certain circumstances. Fed. R. Civ. P. 26(c). Rule 26 authorizes a court, "for good cause," to "issue an order to protect a party or person [upon whom discovery is served] from annoyance, embarrassment, oppression, or undue expense." *Id.* In addition, under Federal Rule of Civil Procedure 45, a court must quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).

For purposes of the pending motion, the Court accepts Sappi's representation that it has produced all the documents known to be in its possession regarding the Winder machine and the incident. The parties, nevertheless, are entitled to conduct Sappi's deposition. First, the deposition topics and the document requests appear relevant to the claims or defenses in this matter.[2] In addition, the parties contend the documents contain information that generates additional questions for Sappi. Particularly given the time that

---

[2] In its motion, Sappi argues that some of the information requested would be "inadmissible" and therefore Sappi should not have to produce it. Regardless of whether the information is admissible, under Federal Rule of Civil Procedure 26(b)(1), admissibility does not govern discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…. Information within this scope of discovery need not be admissible in evidence to be discoverable."

elapsed between the installation of the Winder machine and the incident, the need to question a Sappi representative about the documents is not surprising. Furthermore, there are legitimate evidentiary reasons for which the parties want to conduct the deposition.

In short, Sappi has not established good cause for an order to quash the deposition notices. In the event Sappi has a concern about any specific topics or document requests, after discussing its concerns with the parties, Sappi can request a discovery conference in accordance with District of Maine Local Rule 26(b).

## CONCLUSION

Based on the foregoing analysis, the Court denies Sappi's motion to quash.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of September, 2019.